## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| **DEBBIE WRIGHT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.  3:10cv34 (JRS)** |
| | ) | |
| **COMMONWEALTH PRIMARY** | ) | |
| **CARE, INC. d/b/a WYNDHAM** | ) | |
| **FAMILY PRACTICE** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MELANIE P. BOGGS, M.D.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

RECEIVED    2010 MAY 10   A 11: 34

## CONSENT ORDER INCORPORATING DISCOVERY

THIS MATTER came before the Court with the consent of the parties as evidenced by the endorsement of counsel below.  The parties have conducted the required Rule 26(f) discovery conference, by counsel, and hereby agree to the following: (1) this matter was originally filed on November 7, 2007 in the Circuit Court of the City of Richmond as Case No. CL07-5273; (2) written discovery was initiated among the parties following the filing of Case No. CL07-5273; (3) the matter known as Case No. CL07-5273 was nonsuited during trial, and an order of nonsuit was entered on November 23, 2009; and (4) Plaintiff re-filed her Complaint in the current matter, Civil Action No. 3:10cv34, in the United States District Court for the Eastern District of Virginia, Richmond Division on January 13, 2010.  The parties therefore wish to incorporate some of the discovery from the prior case into this case for the sake of fairness and efficiency.

It appearing to the Court that the parties' motion is well founded and should be granted, it is ORDERED that the parties' motion be and hereby is granted according to the following terms:

1.     The parties' factual discovery in Case No. CL07-5273 filed in the Circuit Court of the City of Richmond, including Interrogatories, Requests for Production of Documents, Requests for Admissions and the Answers and Responses thereto, are hereby incorporated into the pending action.  The parties are under a duty to seasonably supplement their discovery responses pursuant to the Federal Rules of Civil Procedure and are hereby obligated to seasonably supplement all discovery responses provided in Case No. CL07-5273, if any supplementation is now required, no later than 15 days following entry of this Order.  The prior Interrogatories shall not count toward the limitation on the number of Interrogatories that may be propounded, and the parties may propound additional Interrogatories in Civil Action No. 3:10cv34 pursuant to Rule 33(a)(1).

2.     Documents and records produced in response to subpoenas *duces tecum* issued and authorizations executed by the parties in Case No. CL07-5273 filed in the Circuit Court of the City of Richmond are hereby incorporated into the pending action.

3.     The depositions of fact witnesses, including treating physicians, taken by the parties in Case No. CL07-5273 are hereby incorporated into the pending action for use as permitted by the Federal Rules of Civil Procedure; however, the parties may conduct additional depositions pursuant to the limitations set forth in Rule 30 (a)(2)(A)(i).  Further, to the extent that there are supplementations of discovery responses or medical records produced by the plaintiff that raise new issues, the Defendants can request a supplemental deposition of the Plaintiff to address those issues.

4.     The designations of expert opinions, and the discovery depositions of expert witnesses taken by the parties in Case No. CL07-5273 are not incorporated into the present case at this time.   The Plaintiff proposes to incorporate the previous expert designations and depositions. The Defendant does not agree.  So that issue will be separately taken up by the court at a later date.   Until then, expert witness discovery in the pending action will proceed pursuant to the Federal Rules of Civil Procedure, including Rule 26(a)(2) and Local Rule 26(D).

5.     The medical literature produced by the parties pursuant to Virginia Code § 8.01-401.1 in Case No. CL07-5273 filed in the Circuit Court of the City of Richmond is hereby incorporated into the pending action; however, the parties may designate additional and/or alternative literature pursuant to the terms of Rule 26(a)(2)(B)(ii) and any forthcoming scheduling order entered by this Court.

6.     Incorporation of the discovery conducted in Case No. CL07-5273 filed in the Circuit Court of the City of Richmond does not modify the parties' obligations to provide complete initial disclosures pursuant to Rule 26(a)(1), a discovery plan pursuant to Rule 26(f), and pre-trial disclosures pursuant to Rule 26(a)(3).

Entered this _12th_ day of _May_ 2010.

**SO ORDERED.**

_/s/_
James R. Spencer
Chief United States District Judge

3

SEEN AND AGREED:

William G. Shields, Esq.
Tara D'Lutz, Esq.
Shields & Lippson
11503 Allecingie Parkway
Richmond, Virginia  23235
taranoeld@aol.com
*Counsel for Debbie Wright*

Sean P. Byrne, Esq. (VSB # 41316)
John E. Peterson Jr., Esq. (VSB # 43609)
Hancock, Daniel, Johnson & Nagle, P.C.
Post Office Box 72050
Richmond, Virginia 23255-2050
Telephone: 804.967.9604
Fax: 804.967.2411
sbyrne@hdjn.com
jpeterson@hdjn.com
*Counsel for Commonwealth Primary Care, Inc.*
*d/b/a Wyndham Family Practice and*
*Melanie P. Boggs, M.D.*

244.0232 / 262299.3