UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DEBBIE WRIGHT,

Plaintiff,

v.                                                      Action No. 3:10–CV–00034

COMMONWEALTH PRIMARY CARE, INC.
d/b/a WYNDHAM FAMILY PRACTICE,
MELANIE P. BOGGS, M.D.,

Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Strike Plaintiff's Expert Disclosure and Dismiss the Action (Doc. No. 27); Defendants' Motion for Summary Judgment (Doc. No. 29); and Plaintiff's Motion to Strike Rebuttal Brief (Doc. No. 40). The parties presented oral arguments before this Court on Friday, October 22, 2010. For the reasons stated below, Defendants' Motion to Strike Plaintiff's Expert Disclosure and Dismiss the Action and Motion for Summary Judgment are GRANTED and Plaintiff's Motion to Strike Rebuttal Brief is DENIED.

### I. BACKGROUND

A.    Procedural Posture

Plaintiff originally filed a Complaint against Defendants in the Circuit Court for the City of Richmond in November 2007. The trial took place November 17-18, 2009. At trial, the court ruled that Plaintiff's expert witness was not qualified to testify, after which

1

Plaintiff moved for a nonsuit. Plaintiff subsequently re-filed in this Court. Plaintiff filed a Designation of Experts ("Expert Designation") on September 16, 2010, designating Peyton T. Taylor, Jr., M.D.; Neal Clemenson, M.D.; Beth Griffin, LMHC; Donna Pinelli, M.D.; and Andre Vendryes, M.D., experts. Defendants now challenge the sufficiency of the Expert Designation and move the Court to enter summary judgment.

B.      Facts

Plaintiff Wright was a patient of Defendant Wyndham Family Practice in 2005 and 2006. Doctors employed by the practice twice diagnosed her as having a classically appearing genital wart. David C. Wu-Pong, M.D., made the first diagnosis in November 2005 and Defendant Melanie P. Boggs, M.D., made the second diagnosis in September 2006. The doctors maintain both warts responded to treatment. Plaintiff, on the other hand, contends that the original lesion never changed and never went away. Instead of being a genital wart as suspected by Defendants, Plaintiff asserts that she actually had a precancerous lesion.

A Florida doctor diagnosed Plaintiff with genital cancer in 2007.      The cancer was located in the same general area as the warts diagnosed by Defendants. Plaintiff underwent treatment that cured the cancer.      She now brings this lawsuit against Defendants alleging that the doctors failed to diagnose her cancer earlier, when treatment would have been simpler and less invasive.

## II. LEGAL STANDARD

A.      Motion to Strike

Under the Federal Rules of Civil Procedure, a party "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal

Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).   If a party fails to provide

the information required by Rule 26(a), "the party is not allowed to use that information or

witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 26(a)(2)(B) requires that expert disclosures be accompanied by a written

report, prepared and signed by the expert, that contains:

> (i) a complete statement of all opinions the witness will express and
> the basis and reasons for them; (ii) the data or other information
> considered by the witness in forming them; (iii) any exhibits that will
> be used to summarize or support them; (iv) the witness's
> qualifications, including a list of all publications authored in the
> previous 10 years; (v) a list of all other cases in which, during the
> previous four years, the witness testified as an expert at trial or by
> deposition; and (vi) a statement of the compensation to be paid for
> the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). The purpose of the report is "to avoid the disclosure of

'sketchy and vague' expert information." <u>Washington v. McKee</u>, 2006 U.S. Dist. LEXIS

53707, *5 (E.D. Va. Aug. 3, 2006) (quoting <u>Sierra Club v. Cedar Point Oil Co., Inc.</u>, 73 F.3d

546, 571 (5th Cir. 1996)). "An expert report satisfies Rule 26(a)(2)(B) if it is 'sufficiently

complete, detailed and in compliance with the Rules so that surprise is eliminated,

unnecessary depositions are avoided, and costs are reduced.'" <u>Id</u>. (quoting <u>Dunkin' Donuts

Inc. v. Patel</u>, 174 F. Supp. 2d 202, 211 (D.N.J. 2001)).

B.   <u>Motion for Summary Judgment</u>

A motion for summary judgment should be granted where "there is no genuine issue

as to any material fact" and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).   "Only disputes over facts that might affect the outcome of the suit

under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).    The moving party bears the burden of establishing the nonexistence of a triable issue of fact by "showing ... that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

A court may consider the parties' pleadings, discovery, disclosure materials, and affidavits to determine if a triable issue exists. Fed. R. Civ. P. 56(c)(2). "Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Auth., 830 F. Supp. 889, 897 (E.D. Va. 1993) (internal citation omitted). All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing [the] motion."    Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal citation omitted).

A federal court sitting in diversity must apply the substantive law of the forum state. St. Paul Fire & Marine Ins. Co. v. Am. Int'l Specialty Lines Ins. Co., 365 F.3d 263, 272 (4th Cir. 2004). Expert qualification requirements are generally considered substantive, which means a federal court sitting in diversity must apply Virginia law with respect to this matter. See Peck v. Tegtmeyer, 834 F. Supp. 903, 909 (W.D. Va. 1992) ("While the [expert] qualification requirements may be viewed as 'procedural' rules, they are 'intimately bound up' with a state substantive rule, the standard of care itself. . . . [T]he qualification requirements for a standard of care expert, as set forth in Virginia Code § 8.01-581.20, are

4

applicable in a diversity case.").

## III. DISCUSSION

A.    <u>Motion to Strike Plaintiff's Expert Disclosure</u>

Defendants move the Court to strike Plaintiff's Expert Designation because it does

not meet the requirements set forth in Rule 26. Specifically, Defendants contend that Rule

26(a)(2)(B) is not satisfied because Plaintiff's Expert Designation: (1) is not accompanied

by written reports; (2) does not contain a complete statement of witness opinions; (3) does

not disclose data considered by the witnesses; (4) does not contain exhibits; (5) does not

identify witness qualifications; (6) does not contain a list of other cases for which the

experts have testified; and (7) does not contain a statement of compensation. Defendants

take specific issue with Plaintiff's designation of Dr. Taylor and Dr. Clemenson, both of

whom Plaintiff retained to provide expert testimony pertaining to the standard of care.

Plaintiff asserts that Defendants received all of the required information during the

state court case and that the information submitted in that case, combined with the

experts' depositions, satisfy the requirements of Rule 26(a)(2)(B).

1.    *Expert Designation Not Accompanied by Written Reports*

Expert disclosures must be accompanied by "a written report – prepared and signed

by the witness – if the witness is one retained or specifically employed to provide expert

testimony. . . ." Fed. R. Civ. P. 26(a)(2)(B). There is an exception to the report requirement,

however, for a party's treating physicians, who are allowed to offer opinions without

having produced a report. <u>Banks v. Cook</u>, 2009 U.S. Dist. LEXIS 5107, *6 (E.D. Va. Jan. 26,

2009).

Plaintiff failed to submit any reports written and signed by the experts. Instead, she submitted a summary of the experts' opinions signed by counsel. Because there are no reports prepared and signed by the experts, Defendants argue that the experts have not been designated and should be precluded from testifying. Plaintiff contends that Dr. Taylor's and Dr. Clemenson's depositions in the state case serve as their sworn expert reports. With respect to Ms. Griffin, Dr. Pinelli, and Dr. Vendryes, Plaintiff argues that they are not required to produce expert reports because they are treating providers and will not be offering opinions that address information outside the scope of ordinary treatment.

2.     *Plaintiff Did Not Submit Complete Statements of Witnesses' Opinions or Disclose Data Considered by Witnesses*

Rules 26(a)(2)(B)(i)-(ii) require that the expert report contain a complete statement of the expert's opinions and the reasons and bases for the opinions, as well as all data or information considered by the expert in forming the opinion. Defendants assert that these requirements are not met. With respect to Dr. Taylor and Dr. Clemenson, Defendants assert that the Expert Designation does not specify the data relied on or reference the records, depositions, or facts the doctors relied on in forming their opinions. With respect to Ms. Griffin, Dr. Pinelli, and Dr. Vendryes, Defendants argue that simply identifying these healthcare providers by name and address and generally incorporating by reference their depositions, reports, and records is insufficient to satisfy the requirements of the Rules.

6

### 3.    *Plaintiff Did Not Submit Required Exhibits*

Rule 26(a)(2)(B)(iii) requires that expert reports contain exhibits that will be used to support or summarize the expert's opinions. Plaintiff submitted no exhibits with the Expert Designation. Plaintiff asserts that she submitted with her Response to Defendants' Motion to Strike Expert Disclosure and Dismiss the Action a Witness and Exhibit List that sets forth the demonstrative exhibits she intends to introduce during direct examination of Dr. Taylor, and that this is sufficient to satisfy the requirement.

### 4.    *Plaintiff Did Not Identify Witnesses' Qualifications*

Rule 26(a)(2)(B)(iv) requires that each expert report set forth the expert's qualifications, including all publications the expert authored within the past ten years. Defendants assert that the required disclosure is missing from Plaintiff's Expert Designation because Plaintiff has not submitted a curriculum vitae for any of the experts designated and has not otherwise identified their qualifications, except for providing limited biographical information in the summary written and signed by counsel. Because their qualifications have not been properly established, Defendants argue that Dr. Taylor and Dr. Clemenson should not be allowed to offer testimony regarding the applicable standard of care.

Plaintiff contends that the witness qualification requirement is satisfied because Dr. Taylor's and Dr. Clemenson's curricula vitae were provided to Defendants' counsel well in advance of their depositions for the state court case. Plaintiff asserts that she did not

provide another copy of the documents to Defendants because counsel had the information and reproducing it would have been superfluous and needlessly expensive.

     5.     *Plaintiff Did Not Submit Lists of Other Cases for Which*

          *Witnesses Testified*

Rule 26(a)(2)(B)(v) requires that the expert report contain a list of all cases in which the expert testified as an expert within the past four years.    Plaintiff did not submit any information pertaining to other cases for which her designated experts have testified. She did, however, set forth the required information in her Response to Defendants' Motion in an unsuccessful attempt to satisfy the requirement.

     6.     *Plaintiff Did Not Submit Statements of Compensation*

Rule 26(a)(2)(B)(vi) requires expert reports to contain "a statement of the compensation to be paid for the study and testimony in the case."    Plaintiff asserts that she did not provide this information because she did so during the state court case. Defendants contend that, because Plaintiff has not submitted the information, the Expert Designation should be stricken.

The Court finds that Plaintiff's Expert Designation is insufficient to satisfy the expert disclosure requirements set forth in the Federal Rules of Civil Procedure. Rule 26(a)(2)(B) requires that specific items be provided along with the disclosure of expert testimony, "[u]nless otherwise stipulated or ordered by the court."    This Court has entered no such order.    To the contrary, the Scheduling Order entered in this case specifically required each party to identify all persons expected to be called as experts at trial and file a written report complying with the requirements of Rule 26(a)(2)(B).

8

Instead of tendering the reports and information required by the Federal Rules of Civil Procedure, Plaintiff has submitted an Expert Designation written and signed by counsel and attempted to incorporate numerous and unspecified documents by reference, which she deems sufficient disclosure under the Federal Rules of Civil Procedure. The Court disagrees with Plaintiff's position. Because Plaintiff did not provide the required expert reports or any other information in the manner required by the Federal Rules of Civil Procedure, Defendant's Motion to Strike Plaintiff's Expert Disclosure is GRANTED.

B.    Motion for Summary Judgment

A medical malpractice plaintiff in Virginia must establish the requisite standard of care and that the defendant deviated from the standard of care, causing damages. Raines v. Lutz, 231 Va. 110, 113 (1986). A plaintiff must generally use expert testimony "to prove that the defendant's breach of the standard of care was 'more likely' or 'more probably' the cause of the plaintiff's injury – a jury may not speculate as to the cause of the injury." Jeffress v. Reddy, 77 Fed. Appx. 627, 631 (4th Cir. 2003). Expert testimony is not required when "a physician's conduct is so grossly negligent or when the treatment is the type within a layman's common knowledge and a layman could determine the standard of care, the departure from that standard, or proximate causation." Id. at 632.

Defendants argue that Plaintiff will need expert testimony to prove Defendants breached the standard of care in failing to diagnose her vulvar cancer earlier and move the Court to enter summary judgment because of Plaintiff's non-conformity with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure.

Summary judgment is appropriate in a medical malpractice action if the plaintiff fails to qualify experts. "If testimony based on [expert reports] should be excluded, then summary judgment is clearly appropriate, as the plaintiff will have failed to meet her burden of producing admissible evidence to create a genuine issue of material fact." <u>Sharpe v. United States</u>, 230 F.R.D. 453, 457 (E.D. Va. 2005). Because Plaintiff's Expert Designation is insufficient, Plaintiff may not offer testimony from the designated experts. Without expert testimony, Plaintiff cannot establish the standard of care or that Defendants breached the standard of care. Essentially, without standard of care testimony, Plaintiff's case cannot succeed. Because Plaintiff has no experts to testify regarding the standard of care, Defendants' Motion for Summary Judgment is GRANTED.

C.      <u>Motion to Strike Rebuttal Brief</u>

Plaintiff moves the Court to strike Defendants' Rebuttal Memorandum in Support of Motion for Summary Judgment because Plaintiff believes the document was not timely filed under Local Civil Rule 7(F)(1), which provides that a moving party "may file a rebuttal brief within three (3) days after the service of the opposing party's reply brief."

Defendants filed their Motion for Summary Judgment on September 27, 2010. Plaintiff filed a Response to Defendants [sic] Motion for Summary Judgment on October 8, 2010. Defendants filed their Rebuttal Memorandum in Support of Motion for Summary Judgment on October 14, 2010, which Plaintiff asserts was two days after the deadline for the brief. Thus, Plaintiff moves the Court to strike the Rebuttal.

Plaintiff failed to take into consideration Rule 6(d) of the Federal Rules of Civil Procedure in making her Motion. This Rule provides, "[w]hen a party may or must act

within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or

(F), 3 days are added after the period would otherwise expire under Rule 6(a)."    Fed. R.

Civ. P. 6(d). Rule 5(b)(2)(C) provides that service on a party may be by mail. Thus, a party

has three extra days to respond to a document served via mail.

The Certificate of Service on Plaintiff's Response to Defendants [sic] Motion for

Summary Judgment indicates she served the document by mailing it to Defendants'

counsel. Under the Federal Rules of Civil Procedure, service in this manner afforded

Defendants    three extra days to reply. Thus, under the Federal Rules of Civil Procedure

and the Local Civil Rules, Defendants had six days to respond to Plaintiff's brief - the three

days provided in the Local Rules and the three extra days provided by the Federal Rules of

Civil Procedure. Because Defendants' Rebuttal Memorandum in Support of Motion for

Summary Judgment was filed October 14, 2010, six days after Plaintiff's Response was

filed, Defendants' brief was timely. Accordingly, Plaintiff's Motion is DENIED.

### IV. CONCLUSION

Plaintiff's failure to produce the required expert reports contravenes Rule

26(a)(2)(B) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff may not offer

testimony from her designated experts at trial. Because Plaintiff has no other experts to

establish the standard of care or a breach thereof, Plaintiff's case cannot succeed.

Consequently, Defendants' Motion to Strike Plaintiff's Expert Disclosure and Dismiss the

Action and Motion for Summary Judgment are GRANTED. Because Plaintiff failed to

properly calculate the deadline for Defendants' Rebuttal Memorandum in Support of

Motion for Summary Judgment, Plaintiff's Motion to Strike Rebuttal Brief is DENIED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __2nd__ day of November 2010.