UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DEBBIE WRIGHT,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMONWEALTH PRIMARY CARE,<br>INC. d/b/a WYNDHAM FAMILY<br>PRACTICE,<br>MELANIE P. BOGGS, M.D.,<br><br>　　　　　　　　　　　　Defendants. | Action No. 3:10–CV–00034 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order of November 2, 2010. (Doc. No. 62.) Plaintiff moves the Court to reverse its November 2, 2010 ruling granting Defendants' Motion for Summary Judgment and Motion to Strike Plaintiff's Expert Disclosure and Dismiss the Action ("Motion to Strike"). The parties appeared before the Court to present oral arguments on December 8, 2010. For the reasons stated from the bench and those set forth below, Plaintiff's Motion is DENIED.

I.　　BACKGROUND

　　A.　　Facts

Plaintiff Wright was a patient of Defendant Wyndham Family Practice in 2005 and 2006. Doctors employed by the practice twice diagnosed Plaintiff as having a genital wart.

1

David C. Wu-Pong, M.D., made the first diagnosis in November 2005 and Defendant Melanie P. Boggs, M.D., made the second diagnosis in September 2006. The doctors maintain both warts responded to treatment. Plaintiff, on the other hand, contends the original lesion never changed and never went away. Instead of being a genital wart as suspected by Defendants, Plaintiff asserts she actually had a precancerous lesion.

A Florida doctor diagnosed Plaintiff with genital cancer in 2007. The cancer was located in the same general area as the warts diagnosed by Defendants. Plaintiff underwent treatment that cured the cancer.

B.   Procedural Posture

Plaintiff filed a Complaint against Defendants in the Circuit Court for the City of Richmond in November 2007 alleging the doctors failed to diagnose her cancer earlier, when treatment would have been simpler and less invasive. The trial took place November 17-18, 2009. The court ruled at trial that Plaintiff's expert was not qualified to testify, after which Plaintiff moved for a nonsuit. Plaintiff subsequently filed her lawsuit in this Court. Plaintiff filed a Designation of Experts ("Expert Designation") on September 16, 2010, designating Peyton T. Taylor, Jr., M.D.; Neal Clemenson, M.D.; Beth Griffin, LMHC; Donna Pinelli, M.D.; and Andre Vendryes, M.D., experts. Defendants challenged the sufficiency of the Expert Designation and moved the Court to enter summary judgment. The Court subsequently granted Defendants' Motion for Summary Judgment and Motion to Strike. Plaintiff then filed this Motion to Reconsider.

## II. LEGAL STANDARD

A motion to reconsider takes the form of a motion to alter or amend a judgment under the Federal Rules of Civil Procedure. See EEOC v. Lockheed Martin Corp., 116 F.3d 110, 111 (4th Cir. 1997). Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment. The Rule simply provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). It is well-settled, however, that there are only three grounds for granting a motion to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

A Rule 59(e) motion is "'an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). The motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id.

## III. DISCUSSION

Rule 26(a)(2)(B) requires that expert disclosures be accompanied by a written report, prepared and signed by the expert, that contains:

(i) a complete statement of all opinions the witness will express and the basis

3

>and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

Plaintiff contends that the Court should grant her Motion to Reconsider because the Court misunderstood her opposition to Defendants' Motion to Strike and Motion for Summary Judgment. Plaintiff alleges that, while Rule 26(a)(2)(B) requires that expert reports have six enumerated items, the Rule does not specify the form the reports must take. Plaintiff asserts that she complied with Rule 26 because her Expert Designation incorporated by reference her experts' sworn depositions, which contain the required information. Plaintiff argues that the experts' depositions serve as written reports and that she would incur an unnecessary expense if the experts actually had to write a report.

Plaintiff further contends that the Court should grant her Motion because there has been both a clear error of law and manifest injustice. With respect to the purported error of law, Plaintiff argues that there has been a "misconception of law" because a spreadsheet in her Motion for Reconsideration shows where the information required by Rule 26 can be found and the Court erred when it held that Plaintiff did not submit the required information to Defendants. Plaintiff then claims the Court's earlier decision was manifestly unjust because it deprived her of her Seventh Amendment right to a jury trial.

Defendants urge the Court not to entertain Plaintiff's Motion because Plaintiff cannot prove any of the three grounds required for a motion to reconsider. Defendants argue that the Court cannot grant the Motion on grounds that there has been a change in controlling law because there has been no such change and Plaintiff cites no new law. Defendants next argue that the Court cannot grant the Motion on grounds that there is new evidence, as Plaintiff did not present any evidence that was unavailable when she opposed Defendants' Motion to Strike and Motion for Summary Judgment. Finally, Defendants assert that Plaintiff has not shown a clear error of law or manifest injustice.

The Court agrees with Defendants. Plaintiff has not made one argument that would justify granting her Motion. She has not presented evidence previously unavailable, alleged a change in controlling law, or shown a clear error of law or manifest injustice. Plaintiff argues in her Motion that: (1) the Court should accept the deposition transcripts as the written expert reports required by Rule 26(a)(2)(B); (2) compliance with Rule 26 would cause Plaintiff to incur unnecessary expense; and (3) Defendants have suffered no prejudice from any potential failure to comply with Rule 26. The Court previously rejected each of these arguments and Plaintiff is not allowed to raise them again here.

Plaintiff's argument that there has been a clear error of law or manifest injustice is not persuasive. Plaintiff's presenting the Court with a spreadsheet listing pages where the information required by Rule 26 can be found in her proposed experts' depositions from a state-court case is insufficient to show a clear error of law. With respect to the manifest

5

injustice argument, it is well settled that a court's granting summary judgment does not deprive a litigant of her Seventh Amendment right, as "'Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, [and where] no genuine issue remains for trial. . . .'" <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950) (quoting <u>Sartor v. Ark. Natural Gas Corp.</u>, 321 U.S. 620, 627 (1944)). Further, "'the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.'" <u>Id</u>. (quoting <u>Sartor</u>, 321 U.S. at 626-27). Because the goal of Rule 56 is to provide "prompt disposition of cases which have no possible merit," <u>id</u>., and because the Court so found when it granted Defendants' Motion for Summary Judgment, Plaintiff's manifest injustice argument also fails.

IV. <u>CONCLUSION</u>

Because Plaintiff simply reiterates arguments previously rejected by this Court and because there is no basis for reconsideration, Plaintiff's Motion to Reconsider is DENIED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____<br>
James R. Spencer<br>
Chief United States District Judge

ENTERED this __9th__ day of December 2010